In the Matter of the Claim of EMMETT WILLIAMS, Respondent, against A. R. KETCHUM & SON et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 11, 1959.

*Tucker & Bisselle (Morgan F. Bisselle* and *Warren C. Tucker* of counsel), for appellants.

*John M. Cullen* for Special Disability Fund, respondent.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

COON, J.   Has the appellant-carrier paid 104 weeks of compensation, within the meaning of subdivision 8 of section 15 of the Workmen's Compensation Law, which entitles it to reimbursement from the Special Disability Fund for all subsequent payments?  This is the only question presented by this appeal and hinges upon the construction of section 15 (subd. 8, par. [d]) of the Workmen's Compensation Law.  It is stated by both parties to this controversy that the precise question is a novel one in this State.

Claimant sustained a compensable fracture of his left foot. Several disability awards were made, consisting of 17⅘ weeks of temporary total disability and 126⅕ weeks of temporary partial disability, making a total of 144 weeks.  These awards were paid by the carrier.  In connection with the last award it was held that claimant had a 20% schedule loss of the left foot. In accordance with the statutory schedule this amounted to 41 weeks for permanent disability.  A timely claim for reimbursement had been made by the carrier.  The carrier contends (and the Referee held) that the entire compensation for 144 weeks must be taken into account in determining its right to reimbursement for compensation paid after the first 104 weeks.  The Fund urges (and the board held) that only compensation paid for permanent disability is contemplated by section 15 (subd. 8, par. [d]), and hence only the schedule award amounting to 41 weeks should be considered.

The pertinent provisions of section 15 (subd. 8, par. [d]) are: "If an employee  *  *  *  who has other permanent physical impairment incurs a subsequent disability by accident arising out of and in the course of his employment  *  *  *  resulting in a permanent disability caused by both conditions that is materially and substantially greater than that which would have resulted from the subsequent injury  *  *  *  alone, the employer or his insurance carrier shall in the first instance pay all awards of compensation and all medical expense provided

by this chapter, but  *  *  *  shall be reimbursed from the special disability fund  *  *  *  for all compensation and medical benefits subsequent to those payable for the first one hundred four weeks of disability." It is conceded here that all of the conditions which the statute imposes as prerequisite to the right to reimbursement after 104 weeks are present in the instant case, but the carrier has not paid more than 104 weeks for permanent disability, which the Fund asserts is the only kind of disability which is reimbursable.

The subsequent disability arising from the second accident must result " in a permanent disability caused by both conditions that is materially and substantially greater than that which would have resulted from the subsequent injury  *  *  * alone ". While the Fund concedes that the present case meets such requirement, it argues, with some force, that the use of the word " permanent " in that portion of the statute indicates a legislative intent to limit reinbursement to payments made for permanent disability. However, we find no such limitation in the clear and unambiguous language of that portion of the statute dealing with the extent of reimbursement. It is provided that the carrier " shall be reimbursed  *  *  *  for all compensation and medical benefits subsequent to those payable for the first one hundred four weeks of disability." The words " all compensation " are not limited or qualified in any manner, nor is the word " disability ". To construe the language so as to limit " all compensation " to compensation paid for permanent disability and to limit the word " disability " to mean permanent disability is to read something into the statute which is not there.

Here the injury was, in fact, permanent from its inception, but was not adjudicated as a permanent injury until later. In the meantime awards had been made and the carrier was bound to pay them or be subject to penalty. Permanency is one of the essentials to bring subdivision 8 of section 15 into play at all, but, once the section becomes operative there is no limitation whatever on the type of disability or the type of compensation for which reimbursement must be made. If the Legislature had intended to limit reimbursement to a particular type of disability or to compensation paid by a carrier for an award of permanent disability only, it would have been very simple to include words of limitation instead of the broadest, inclusive words " all compensation ". We think the carrier is entitled to reimbursement for compensation paid in excess of the first 104 weeks.

The decision should be reversed, with costs to appellants against the Special Disability Fund, and the matter remitted to

the Workmen's Compensation Board for proceedings not inconsistent with this opinion.

FOSTER, P. J., BERGAN, HERLIHY and REYNOLDS, JJ., concur.

Decision reversed, with costs to appellants against the Special Disability Fund, and matter remitted to the Workmen's Compensation Board for proceedings not inconsistent with this opinion.